UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| LINDA WOODSON, | : | Hon. Joseph H. Rodriguez |
| :--- | :--- | :--- |
| Plaintiff, | : | Civil Action No. 19-14572 |
| v. | : | **OPINION** |
| ATLANTIC CITY BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | |

This matter comes before the Court on separate Motions to Dismiss by Defendants James Knox and Atlantic City Board of Education [Dkt. No. 9] and by Defendant National Association of Elementary School Principals [Dkt. No. 11]; and Plaintiff's Cross-Motion to Amend [Dkt. No. 15]. The Court has considered the parties' written submissions pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated below, the Court will grant Defendants' Motions to Dismiss and deny Plaintiff's Motion to Amend.

I. Background

**A. Plaintiff's Complaint**

Linda Woodson ("Plaintiff") is employed by Defendant, Atlantic City Board of Education, as a teacher at the New York Avenue School. [Dkt. No. 1 (Compl.) ¶ 23]. Defendant James Knox ("Knox") is the school's principal. (Id. at ¶ 23). In 2010, "Plaintiff created a document . . . which involved the discussion of extensive changes of the New York Avenue School and the progress the student body made," as well as a digital presentation to accompany that document (collectively "Plaintiff's Work"). (Id. at ¶¶ 24-25).

1

Knox later wrote and published an article, "At Risk for More Than Academic Failure," in the January/February 2011 edition of "Principals." (Id. ¶ 27). "Principals" is a professional journal published by Defendant National Association of Elementary School Principals ("NAESP"). Plaintiff alleges that Knox's Principal article "browed heavily from Plaintiff's work," and gave her no credit. (Id. at ¶¶ 27, 31). Plaintiff also alleges that she created an application to the Panasonic National School Change Awards that incorporates Plaintiff's Work, which Knox also used in his article. (Id. at ¶¶ 28, 30). Plaintiff received no credit in the application. (Id. at ¶ 29).

Plaintiff now claims that she was injured because of the lack of credit made in the application to the Panasonic National School Change Awards, and lack of authorship credit made in Knox's article. (Id. at ¶¶ 32-33).

### B. Procedural Facts

Plaintiff filed a Complaint on July 1, 2019 against Defendants for Copyright Infringement (Count I), Vicarious Copyright Infringement (Count III), and Contributory Infringement (Count IV).[1] Defendants Knox and Atlantic City Board of Education filed a Motion to Dismiss Plaintiff's Complaint, [Dkt. No. 9], which was followed by Defendant NAESP's Motion to Dismiss. [Dkt. No. 11]. In response, Plaintiff filed an opposition and Cross-Motion to Amend her Complaint. [Dkt. Nos. 14, 15].

### C. Plaintiff's Proposed Amended Complaint

Plaintiff's Proposed Amended Complaint asserts the same claims under the Copyright Act as her initial Complaint. She also pleads the same facts, adding that:

- "[She] at no time, received any guidance or control from Defendants in creating Plaintiff's Work. (Id. at ¶ 28)

---

[1] Plaintiff's Complaint contains no "Count II."

2

- "Plaintiff, at no time, received any orders or instructions in creating Plaintiff's Work." (Id. at ¶ 29)

- "EXHIBIT E is a true and valid copy of the only e-mail Defendant Knox requested Plaintiff to create Plaintiff's Work, giving no instruction or guidance or control." (Id. at ¶ 30).

- "Plaintiff's Work was created outside of the scope of Plaintiff's employment." (Id. at ¶ 31).

- "Plaintiff is a teacher at Defendant Atlantic City Board of Education, and writing reports such as Plaintiff's Work is outside of the scope of Plaintiff's employment." (Id. at ¶ 32).

- "No Defendants edited, created, guided or gave instruction to Plaintiff about Plaintiff's Work." (Id. at ¶ 33).

## II. Standard of Review

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted). Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

3

Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80

---

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

4

(finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B**. **The Right to Amend**

Pursuant to Fed. R. Civ. P. 15(a)(2) a party may amend its pleading with the court's leave and the court should freely give leave when justice so requires. The Supreme Court enunciated the following general standard in its opinion in Foman v. Davis, 371 U.S. 178, (1962), to be employed by the district courts

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

>amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Id. at 182. The decision to grant leave to amend rests within the discretion of the court. Foman, 371 U.S. at 182.

## III. Analysis

Defendant Knox and the Atlantic City Board of Education attack Plaintiff's Complaint for two reasons. [Dkt. No. 9]. First, they argue that the Complaint establishes Plaintiff's Work was "work for hire" and therefore, Plaintiff cannot show she owns any copyright. Next, they assert a statute of limitations defense, arguing that Plaintiff's claims under 17 U.S.C. § 504 are time-barred. Defendant NAESP moves for dismissal based on the same statute of limitations defense. [Dkt. No. 11]

Defendants argue that Plaintiff's Motion to Amend should be denied for the same reasons it contends that Plaintiff's initial Complaint fails to state a claim. For the reasons that follow, the Court finds that Plaintiff's initial Complaint fails to state a claim for relief under the Copyright act because (1) it is untimely; and (2) it fails to establish that Plaintiff is the owner of the claimed copyright. While the Court finds that the Amended Complaint plausibly alleges Plaintiff owns the copyright, it fails to establish that Plaintiff's claims are timely. Thus, Plaintiff's proposed amendment fails to save her claims.

### A. Statute of Limitations

Claims under the Copyright Act must commence "within three years after the claim accrued." 17 U.S.C. § 507(b). Copyright claims accrue "at the moment at which each of its component elements has come into being as a matter of objective reality, such that an attorney with knowledge of all the facts could get it past a motion to dismiss for failure

6

to state a claim." William A. Graham Co. v. Haughey, 646 F.3d 138, 150 (3d Cir. 2011) (Graham II). Thus, Plaintiff's claim accrued at the moment the infringement occurred.

Here, there is no dispute that Plaintiff's "original work" was created in 2010, and that Defendants allegedly infringed on her copyright of that work in "January/February 2011." (Compl. ¶¶ 24-27). Plaintiff filed her Complaint in this matter on July 1, 2019. Thus, Plaintiffs claim is based on an alleged harm occurring almost nine (9) years prior to her commencement of this action. Nonetheless, Plaintiff contends that she "can establish that she did not discover, nor in the exercise of reasonable diligence should have discovered, the basis for her claim against the Defendants until after July 1, 2016." [Dkt. No. 15 at 9]. Accordingly, Plaintiff requests leave to amend her claim, to properly allege that the statute of limitations period on her copyright claim is tolled by the discovery rule. [Dkt. No. 15 at 9].

The discovery rule is an equitable doctrine. The Third Circuit held "that use of the discovery rule comports with the text, structure, legislative history and underlying policies of the Copyright Act. Thus . . . the federal discovery rule governs the accrual of civil claims brought under the Copyright Act." William A. Graham Co. v. Haughey, 568 F.3d 425, 437 (3d Cir. 2009) (Graham I). In Graham II, the circuit court explained that "[t]he rule is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him." 646 F.3d at 150. The discovery rule will toll the statute of limitations until "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" Graham I, 568 F.3d at 433 (quoting Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 539 F.3d 199, 209 (3d Cir. 2008)).

7

The issue here, therefore, is whether Plaintiff Woodson, "in the exercise of reasonable diligence, should have known of the basis for [her] claims," and that "depends on whether [she] had 'sufficient information of possible wrongdoing to place [her] on 'inquiry notice' or to excite 'storm warnings' of culpable activity.'" Benak ex rel. All. Premier Growth Fund v. All. Capital Mgmt. L.P., 435 F.3d 396, 400 (3d Cir. 2006) (quoting In re NAHC, Inc. Sec. Litig., 306 F.3d 1325 (3d Cir. 2002)). In her opposition brief, Plaintiff argues that she did not discover Knox's Article until 2018 "because it was published in an academic journal available only to members of NAESP *to wit,* principals—not teachers like Woodson." [Dkt. No. 14 at 4]. Plaintiff's Amended Complaint, however, provides no allegations suggesting the same.

In fact, not only does Plaintiff fail to allege that she discovered the infringement in 2018, but the proposed Amended Complaint fails to allege when she discovered the alleged harm at all. The proposed amendment provides only when Plaintiff created her Work and when Defendant Knox's article, allegedly borrowing/plagiarizing Plaintiff's Work, was published. See [Dkt. No. 14-1 at ¶¶ 22-41].

The Court acknowledges "that determining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise" but that does not save Plaintiff's claim here, where there are no factual allegations to avail herself of the rule in the first instance. Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008).[2]

---

In her Motion to Amend, Plaintiff includes discussion of an e-mail that Defendant Knox sent to her once his article was published. That e-mail simply contains an attachment to the publication. Defendants rely heavily on the e-mail in their opposition to Plaintiff's Motion to Amend, arguing that any amendment would be futile. They contend that it placed Plaintiff on inquiry notice of her alleged harm. The e-mail, however, is not referenced in Plaintiff's amended complaint or original, nor is it attached thereto. Instead, Plaintiff attached the e-mail to her Motion. [Dkt. No. 15] In addition, whether such an e-mail (that had an irrelevant subject-line

8

**B. Whether Plaintiff's Work is "Work for Hire"**

Protection under the Copyright Act, exists "in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.A. § 102. To establish copyright infringement, Plaintiff must allege the following elements: "(1) which specific original work is the subject of the copyright claim, (2) that plaintiff owns the copyright, (3) that the work in question has been registered in compliance with the statute, and (4) by what acts and during what time defendant has infringed the copyright." Levey v. Brownstone Inv. Grp., LLC, No. 11-395, 2013 WL 3285057, at *5 (D.N.J. June 26, 2013), aff'd, 590 F. App'x 132 (3d Cir. 2014) (quoting Gee v. CBS, Inc., 471 F. Supp. 600, 643 (E.D. Pa.), aff'd, 612 F.2d 572 (3d Cir. 1979) (internal quotation marks omitted)).

Defendant James Knox and Atlantic City Board of Education (for purposes of this section, "Defendants") move to dismiss Plaintiff's Complaint, and oppose Plaintiff's Motion to Amend the Complaint, on the grounds that Plaintiff fails to allege facts supporting ownership of a copyright since her Work is "Work for Hire." [Dkt. No. 9 at 7-13].

Under the Copy Right Act, copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). "In the case of a work made for hire, [however] the employer or other person for whom the work was prepared is considered the author for purposes of [the Act], and, unless the parties have expressly agreed otherwise in a

---

and no explanation of the attachment) placed Plaintiff on notice, is fact sensitive; thus, the Court does not consider whether it should preclude Plaintiff from advancing allegations to support the tolling of the limitations period at this juncture.

written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C.A. § 201; see also TD Bank N.A. v. Hill, 928 F.3d 259, 273 (3d Cir. 2019) ("If a work qualifies as a work for hire, the Act treats the employer or principal as the author, and the copyright presumptively vests in the principal unless the parties execute an agreement to the contrary.").

Work made for hire (herein "work for hire") is defined as:

> (1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 738 (1989) (quoting Id. at § 101); see also Hill, 928 F.3d at 271–72.

According to Plaintiff's initial Complaint, she is an employee of Defendant Atlantic City Board of Education, as a teacher, and she is the creator of the Work at issue. (Compl. ¶ 23). She initially alleges that "[she] created Plaintiffs Work not as an employee in furtherance of her work, but as a bonus to Defendant Atlantic City Board of Education and as an author who was able to make her own decisions as to the creation of Plaintiffs Work." (Compl. ¶ 32). Defendants argue that this allegation is conclusory and thus, insufficient to allow a cause of action to proceed.

As there is no dispute that Plaintiff was an employee, whether Plaintiff's work was for hire will turn on whether that work was done within the scope of her employment. [Dkt. No.17 at 12]. In determining whether an employee acted within the scope of his

employment, the Third Circuit applies the Second Restatement of Agency's three-part test. This test is conjunctive and requires Defendant to show the work:

1. is of the kind of work [plaintiff] is employed to perform;

2. occurs substantially within authorized work hours;

3. is actuated, at least in part, by a purpose to serve the employer.

City of Newark v. Beasley, 883 F. Supp. 3, 7 (D.N.J. 1995), as amended (May 5, 1995).

Defendants argue that "all the factors that the Courts consider to evaluate whether an employee has acted within the scope compel a finding that the work for hire doctrine applies." [Dkt. No. 9 at 9]. Plaintiff, however, contends that Defendants are attempting to advance a premature summary judgment. [Dkt. No. 14 at 10]. The Court agrees with Plaintiff.

Whether work was created within the scope of a plaintiff's employment is a "heavily fact-laden issue." Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 573 (4th Cir. 1994). The evaluation requires courts to analyze a number of facts outside the pleadings. For example, the second prong of the test "[can] rely heavily on the employee's job description," the degree of the employer's control, and "whether the employee relied solely on knowledge gained within the scope of his employment to create his project." Beasley, 883 F. Supp. at 8. In fact, the cases Defendants' cite to and discuss in their briefs on this work for hire issue are almost exclusively summary judgment cases, or cases where there is a fully developed record.

In support of dismissal at this juncture, Defendants rely in-part on an e-mail from Defendant Knox to Plaintiff regarding the Panasonic National School Change Award, which is attached to Plaintiff's proposed Amended Complaint. It states:

> I reviewed the award criteria [sic] and believe our school can apply with a great chance of attaining this award. I would like you to facilitate the application process this year for us. Feel free to develop a small committee to assist you with this project. I pray you are willing to take on this project. Please advise.

[Dkt. No. 14-1, Ex. E]. This information—the fact that Plaintiff created her work in response to Knox's e-mail—is relevant, as "the work-for-hire test asks whether [plaintiff] was motivated by a desire to serve the [employer] when [s]he created the [work]." City of Newark v. Beasley, 883 F. Supp. 3, 9 (D.N.J. 1995), as amended (May 5, 1995) (quoting Restatement (Second) of Agency § 235). At this stage, however, the issue before the Court "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Twombly at 583. Yet, Defendants argue that "[n]o reasonable juror could determine the Work was not within the Scope of [Plaintiff's] employment." [Dkt. No. 9 at 13].

On a motion to dismiss, the Court must accept as true all well pled factual allegations. Even if Plaintiff's initial Complaint was insufficient, she seeks to amend her Complaint to further allege that:

- "[She] at no time, received any guidance or control from Defendants in creating Plaintiff's Work. (Id. at ¶ 28)

- "Plaintiff, at no time, received any orders or instructions in creating Plaintiff's Work." (Id. at ¶ 29)

- "Defendant Knox requested Plaintiff to create Plaintiff's Work, giving no instruction or guidance or control." (Id. at ¶ 30).

- "Plaintiff's Work was created outside of the scope of Plaintiff's employment." (Id. at ¶ 31).

- "Plaintiff is a teacher at Defendant Atlantic City Board of Education, and writing reports such as Plaintiff's Work is outside of the scope of Plaintiff's employment." (Id. at ¶ 32).

- "No Defendants edited, created, guided or gave instruction to Plaintiff about Plaintiff's Work." (Id. at ¶ 33).

The Court finds that together, these factual allegations establish that Plaintiff, although an employee of Defendants, created the work at issue outside the scope of her employment as a teacher; without guidance, instruction, or control from Defendants; as a bonus to Defendants and not for hire. Thus, Plaintiff's amendment plausibly alleges she owns a copyright and, therefore, would withstand a Motion to Dismiss on this issue.

## IV. Conclusion

For the forging reasons, the Court will grant Defendant NAESP's Motion to Dismiss [Dkt. No. 11] and grant Defendant Knox's and Defendant Atlantic City Board of Education's Motion to Dismiss [Dkt. No. 15]. Because the Court finds that Plaintiff's proposed Amended Complaint does not cure all of the current deficiencies, it would be futile to permit that proposed amendment at this time. Specifically, although the proposed amendment plausibly alleges that Plaintiff owns a copyright, it fails to state timely claims under the Copyright Act, which warrants dismissal of this action. Therefore, the Court will deny the Motion to Amend. [Dkt. No. 15]. However, the Court will permit Plaintiff thirty (30) days of the date of the Order to file a Second Motion to Amend, to the extent Plaintiff can amend her Complaint consistent with this Opinion.

An appropriate order shall issue.

Dated: March 23, 2020

    /s/ Joseph H. Rodriguez
   Hon. Joseph H. Rodriguez,
   UNITED STATES DISTRICT JUDGE