UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA WOODSON, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 19-14572 |
| v. | : | **OPINION** |
| ATLANTIC CITY BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff's Second Motion to Amend [Dkt. No. 21]. The Court has considered the parties' written submissions pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated below, the Court will grant Plaintiff's Motion to Amend.

I.  Background

This case concerns the alleged copyright infringement of Linda Woodson's ("Plaintiff") work—a report titled, "At Risk for More than Academic Failure" (the "Article"), which discussed the "measurable change in attitudes, beliefs, and values at New York Avenue School" ("Plaintiff's Work"). [Dkt. No. 21-1 ("Second Amend. Compl.") ¶ 25; Ex. A, attached to the Second Amend. Compl.]. Before the Court is Plaintiff's Second Motion to Amend her Complaint. [Dkt. No. 21]. Plaintiff initially filed a complaint on July 1, 2019 against Atlantic City Board of Education ("ACBOE"), James Knox ("Knox"), and the National Association of Elementary School Principals (collectively "Defendants"), for Copyright Infringement (Count I), Vicarious Copyright

1

Infringement (Count III), and Contributory Infringement (Count IV).[1] [Dkt. No. 1]. Defendants Knox and ACBOE filed a Motion to Dismiss Plaintiff's Complaint, [Dkt. No. 9], which was followed by Defendant National Association of Elementary School Principals' Motion to Dismiss. [Dkt. No. 11]. In response, Plaintiff filed an opposition and Cross-Motion to Amend her Complaint (the "first motion to amend"). [Dkt. Nos. 14, 15]. This Court granted both motions to dismiss and denied the first motion to amend. The Court, however, permitted Plaintiff thirty (30) days to file a Second Motion to Amend consistent with this Court's March 23, 2020 Opinion. [Dkt. No. 19. 20].

The Court restates the factual background set forth in its previous Opinion, Woodson v. Atl. City Bd. of Educ., No. CV 19-14572, 2020 WL 1329918 (D.N.J. Mar. 23, 2020) ("Woodson I"), and incorporates the facts alleged in Plaintiff's proposed Second Amended Complaint.

Plaintiff is employed by Defendant, ACBOE, as a teacher at the New York Avenue School. [Dkt. No. 1 ¶ 23]. Defendant Knox is the school's principal. (Id. at ¶ 23). "In 2010, Knox . . . asked Plaintiff to "facilitate the application process" for the Panasonic National School Change Award, an academic award;" his email stated:

> I reviewed the award criteria [sic] and believe our school can apply with a great chance of attaining this award. I would like you to facilitate the application process this year for us. Feel free to develop a small committee to assist you with this project. I pray you are willing to take on this project. Please advise.

(Second Amended Complaint ¶¶ 23-24).

---

[1] Plaintiff's Complaint contained no "Count II," in her Second Amended Complaint, the three claims are properly identified in numerical order as Count I, II, and III. [Dkt. No. 21-1].

2

According to the proposed second amended complaint, Plaintiff prepared the required written materials (Plaintiff's Work) on her own time, which "[n]o Defendants edited, created, guided or gave instruction to Plaintiff about . . . ." (Id. at ¶¶ 25-26). Knox later submitted and published the Article, "At Risk for More Than Academic Failure," in the January/February 2011 edition of "Principal." (Id. ¶ 31). "Principal" is a professional journal published by Defendant National Association of Elementary School Principals ("NAESP"). Plaintiff is not a subscriber to NAESP's website, nor to "Principal." (Id. at ¶ 33). Plaintiff alleges that Knox's "Principal" article "borrowed heavily from Plaintiff's work," and gave her no credit. (Id. at ¶¶ 27, 31). Plaintiff also alleges that, without her knowledge, Knox plagiarized her Article; she received no credit for the Article in the edition of "Principal." (Id. at ¶¶ 31, 37).

In this Court's March 23, 2020 Opinion, it found that Plaintiff's proposed (first) amended complaint plausibly alleged facts supporting her copyright ownership, but failed to plausibly allege that the statute of limitations period on her copyright claim was tolled by the discovery rule. Woodson I, 2020 WL 1329918, at *4, *7. Plaintiff now moves to amend her Complaint to cure the deficiency. She submits that her proposed amendment "states sufficient facts to allow Woodson to avail herself of the "discovery rule adopted in Graham I." [Dkt. No. 21, p. 5 of 8].

Plaintiff's Second Amended Complaint adds that she first learned of Knox's publication in 2018, and "did not discover, nor in the exercise of reasonable diligence could or should have discovered, the basis for her claim against the Defendants" prior to 2018. (Second Amend. Compl. ¶ 39). In 2018, Plaintiff discovered the Article during a Google search for James Knox. (Id. at ¶ 30). Knox never told Plaintiff about the "Principal" publication of her article, but did send the article as an attachment in an

email to all of the New York Avenue School faculty. (Id. at ¶¶ 41-42). The email subject line was, "FW: Message from KMBT_600[,]" and the message provided with the attachment stated: "Principal's Magazine article....Enjoy!!!" [Dkt. No. 21-1, Ex. F attached to the Second. Amend. Compl.].

Plaintiff alleges that she often received e-mails from Knox (approximately three to five times a day); and "consistent with her email practice, Plaintiff did not read the attachment to Knox's January 4, 2011 email." (Second Amend. Compl. ¶ 47). No one at work, including Knox, ever notified Plaintiff that "the January 4, 2011 email and its attachment had any connection to her." (Id. at ¶ 48).

## II.     Standard on Motion to Amend

Federal Rule of Civil Procedure 15 ("Rule 15") encourages and provides for a liberal policy for amending pleadings. Under Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires." In Froman v. Davis, the Supreme court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or undeclared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

372 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is

4

> the "touchstone for the denial of leave to amend." . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981) (citing Cornell & Co. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d. Cir. 1989).

Although courts place a heavy burden on opponents of motions to amend, it is well established that the futility of amendment is one of the factors that may be considered by the Court in denying a motion to amend. Froman, 371 U.S. at 182; see also Fed. Deposit Ins. Corp. v. Bathgate, 27 F.3d 850, 874 (3d Cir. 1994); Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. In assessing futility, a district court must apply the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). Id. (citing 3 Moore's Federal Practice, ¶ 15.15[3], at 15-47 to -48 (3d ed. 2000)).[2] Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 637-642 (2d ed. 1990) (footnote omitted).[3] Finally, the Third

---

[2] In addition, the court is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997).

[3] To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it

5

Circuit has held that an amendment is futile when the claims asserted by the plaintiffs are time-barred under the state of limitations. In re NAHC, Inc., Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

### III.     Analysis

The issue before this Court is whether Plaintiff's Second Amended Complaint provides facts sufficient to satisfy the discovery rule, so as to toll the statute of limitations on her claims under the Copyright Act, 17 U.S.C. § 101, *et seq.* Generally, copyright claims accrue "at the moment at which each of its component elements has come into being as a matter of objective reality, such that an attorney with knowledge of all the facts could survive a motion to dismiss for failure to state a claim." William A. Graham Co. v. Haughey, 646 F.3d 138, 150 (3d Cir. 2011) ("Graham II"). The statute of limitations under the Act is three years. 17 U.S.C. § 507(b). As discussed in this Court's earlier Opinion, Plaintiff brings the present suit almost nine (9) years following Defendants alleged infringement on Plaintiff's copyright, in "January/February 2011." Woodson I, 2020 WL 1329918, at *4.  On the face of Plaintiff's original complaint, and her first amended complaint, Plaintiff's claims were undisputedly outside of the limitations period. Plaintiff argues that the proposed Second Amended Complaint shows that the discovery rule tolls the limitations period until she discovered the infringement in 2018, placing her claims within the three-year period. [See Dkt. No. 21].

The discovery rule is an equitable doctrine, which the Third Circuit held "comports with the text, structure, legislative history and underlying policies of the Copyright Act.

---

appears beyond doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Thus . . . the federal discovery rule governs the accrual of civil claims brought under the Copyright Act." William A. Graham Co. v. Haughey, 568 F.3d 425, 437 (3d Cir. 2009) ("Graham I"). In Graham II, the circuit court explained that "[t]he rule is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him." 646 F.3d at 150. The discovery rule will toll the statute of limitations until "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" Graham I, 568 F.3d at 433 (quoting Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 539 F.3d 199, 209 (3d Cir. 2008)).

In applying the discovery rule, the Court must ask whether Plaintiff Woodson, "in the exercise of reasonable diligence, should have known of the basis for [her] claims," and that "depends on whether [she] had 'sufficient information of possible wrongdoing to place [her] on 'inquiry notice' or to excite 'storm warnings' of culpable activity.'" Benak ex rel. All. Premier Growth Fund v. All. Capital Mgmt. L.P., 435 F.3d 396, 400 (3d Cir. 2006) (quoting In re NAHC, Inc. Sec. Litig., 306 F.3d 1325 (3d Cir. 2002)). "The test for storm warnings is 'objective,' based on what a reasonable person in the plaintiff's position would have perceived." Grant Heilman Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC, No. CIV.A. 12-2061, 2015 WL 1279502, at *3 (E.D. Pa. Mar. 20, 2015) (quoting Benak, 435 F.3d at 400). There is no exhaustive list as to what constitutes a storm warning. Mathews v. Kidder, Peabody & Co., 260 F.3d 239, 252 (3d Cir. 2001). The burden is on Defendants to show that any storm warnings were present; if Defendants meet this burden, Plaintiff has the burden to show she "exercised reasonable due diligence and yet [was] unable to discover [her] injuries." Graham I, 568 F.3d at 438 (quoting Benak, 435 F.3d at 400).

7

Here, Defendants have not met their burden. Defendants submit that Plaintiff's Second Amended Complaint, on its face, establishes that Plaintiff should have discovered her alleged injury in 2011—when she received Knox's email containing the Article. [Dkt. No. 23, p.4; Dkt. No. 22, pp. 11-12 of 13]. Specifically, ACBOE and Knox argue that Knox's email put Plaintiff on inquiry notice. In other words, Defendants contend that this email was a storm warning. The Court finds, however, that the email itself did not contain sufficient information of possible wrongdoing such that Plaintiff should have recognized the email as a storm warning.

First, the email did not reference Plaintiff's Work or the Application for which it was used. In fact, the email was not directed at the Plaintiff, but sent in a chain to all New York Avenue staff, with an unrelated subject line: "FW: Message from KMBT_600[.]" The body of the email read: "Principal's Magazine article….Enjoy!!!" Even the attachment (the Article itself) is not identified in a suspicious manner; instead, the title of the attachment is "SKMBT_60011010322341." [Dkt. No. 21-1, Ex. F, attached to the Second Amended Complaint]. According to the Second Amended Complaint, Plaintiff never opened this email attachment. (Second Amend. Compl. ¶¶ 43, 47).

Accepting the facts alleged in the Proposed Second Amended Complaint as true, Plaintiff prepared her Work for award eligibility and was never told her Article would be submitted for publication in the "Principal"—a professional journal whose articles "[o]nly NAESP members have full access to" and that she was not a subscriber to. (Second Amend. Compl. ¶¶ 30-34). At the time she received Knox's email, Plaintiff was only aware that Knox possessed her Work. "The mere fact that a copyright owner has notice that another person also possessed its copyrighted material and may find it useful to copy should not and does not by itself constitute a storm warning of possible

8

infringement." Graham I, 568 F.3d 425, 440. Therefore, Knox's email alone was not suspicious. More specifically, on the face of the proposed amendment, there are no facts that would have prompted Plaintiff to read the attachment of Knox's email.

Furthermore, whether the email at issue qualifies as a storm warning, is an objective inquiry—one that requires evaluating the facts "from the perspective of a detached, dispassionate observer, not from the subjective perspective of the individual involved in the case." Grant Heilman Photography, Inc., 2015 WL 1279502, at *11; see also Mathews v. Kidder, Peabody & Co., 260 F.3d 239, 252 (3d Cir. 2001). Although, as Defendants contend, Plaintiff could have discovered the alleged copyright infringement if she had opened and read the attachment, the clock starts when Plaintiff should have discovered the infringement. See Benak, 435 F.3d 396, 400 (3d Cir. 2006). Here, Plaintiff never read the attachment, and Defendants fail to cite to any authority that supports finding Plaintiff was under some duty to do so.

Notably, in Woodson I, the Court acknowledged "that determining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise." Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008); Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) ("[F]ederal courts 'may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.'") (quoting Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014)). In fact, "only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." Raucci v. Candy & Toy Factory, 145 F. Supp. 3d 440, 448 (E.D. Pa. 2015). Defendants acknowledge that "[w]hether an individual's conduct satisfies the

9

reasonable standard is normally an issue for the jury." But they contend that "the Plaintiff's lack of reasonable diligence (or any diligence whatsoever for that matter), and the fact that Plaintiff absolutely had access to the article within the limitations period, are so clear that reasonable minds cannot differ." [Dkt. Nos. 23 & 24, p. 7]. Defendants' suggestion that the mere fact that Plaintiff had access to the Article confirms that Plaintiff's action is time-barred, is also unconvincing. See Music Force, LLC v. Sony Music Holdings Inc., No. CV19-6430, 2020 WL 5733258, at *3 (C.D. Cal. Aug. 12, 2020) ("In the context of statutes of limitations, parties are not required to police their copyrights or search the internet for possible infringement of their copyrights." (citing to Mackie v. Hipple, 2010 WL 3211952, *2 (W.D. Wash. 2010) and Warren Freedenfeld Associates, Inc., 531 F.3d at 46 (1st Cir. 2008))).

In light of the proposed allegations, it is not clear that a reasonable person in the plaintiff's position would have perceived Knox's email to contain a reason to investigate whether they may have suffered an injury. See Warren Freedenfeld Assocs., Inc., 531 F.3d at 44. Therefore, the email is insufficient to start the limitations clock; and the proposed amendment is not clearly futile.

### IV. Conclusion

For the reasons stated above, the Second Motion to Amend will be granted.

An appropriate order shall issue.

Dated: December 18, 2020

                                                /s/ Joseph H. Rodriguez
                                                Hon. Joseph H. Rodriguez,
                                                UNITED STATES DISTRICT JUDGE